﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190617-12038
DATE: January 31, 2020

ORDER

The appeal as to the issues of entitlement to service connection for bilateral hearing loss, bilateral plantar fasciitis (claimed as foot condition), and tinnitus is dismissed.

FINDINGS OF FACT

1. In an October 2018 rating decision, the Department of Veterans Affairs (VA) Regional Office (RO) denied the Veteran’s claims for service connection for bilateral hearing loss, tinnitus, and bilateral plantar fasciitis; notification of the decision and how to appeal the decision was provided on October 11, 2018. 

2. The Veteran did not file a timely notice of disagreement regarding the denial of service connection for bilateral hearing loss, tinnitus, and bilateral plantar fasciitis on the form prescribed by the Secretary of VA, VA Form 21-0958.

CONCLUSION OF LAW

The Board of Veterans’ Appeals (Board) does not have jurisdiction over the claims for service connection for bilateral hearing loss, bilateral plantar fasciitis, and tinnitus. 38 U.S.C. § 7105; 38 C.F.R. §§ 19.20, 19.21, 19.52.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served honorably in the United States Navy from August 1983 to September 1992. The Veteran’s file indicates that he passed away in November 2019. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA decision on their claims to seek review. Here, the Veteran had not opted-in to VA’s test program, the Rapid Appeals Modernization Program (RAMP). Although the AMA was implemented effective February 19, 2019, the Rating Decision on appeal was issued prior to that date. Accordingly, the appeal was part of the existing Legacy Appeals System. 

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. For appeals in the Legacy Appeals System, it is well established that in order for the Board to have jurisdiction to review the denial of a claim, after a rating decision has been promulgated, a written notice of disagreement (NOD) must be received within one year of notification of the RO’s denial of the claim. 38 C.F.R. §§ 19.20, 19.21, 19.52(a). The NOD must be filed on the form prescribed by the Secretary of VA, which is VA Form 21-0958. 38 C.F.R. § 19.21(a)(1). Thereafter, VA will issue a statement of the case and if the Veteran is still dissatisfied, he needs to file a timely substantive appeal before the Board has jurisdiction of the matter. See 38 C.F.R. §§ 19.20, 19.52(b). 

Here, the RO issued a rating decision on October 3, 2018, with notification on October 11, 2018, which in the relevant part denied service connection for bilateral hearing loss, bilateral plantar fasciitis, and tinnitus. The notification included an explanation of appellate rights and how to appeal, as well as a blank VA Form 21-0958, and stated that this form must be used to initiate an appeal. 

The record reflects the Veteran did not file a NOD under the Legacy Appeal System, e.g., file a VA Form 21-0958, to initiate an appeal by October 11, 2019. The Board recognizes the Veteran did file a different form used for initiating an appeal under the AMA (VA Form 10182); however, by regulation, that form cannot be accepted as a NOD for an appeal in the Legacy Appeal System, as explained in the notification letter and appellate rights provided to the Veteran in October 2018. 38 C.F.R. § 19.21(a)(1). 

Given the above, the Board does not have jurisdiction to review the appeal and the claims for service connection for bilateral hearing loss, tinnitus, and bilateral plantar fasciitis are dismissed. 

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Russell P. Veldenz, Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.